COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Christopher Pelletier v. The State of Texas

Appellate case number:   01-21-00425-CR, 01-21-00430-CR

Trial court case number:  20CR1225, 21CR1166

Trial court:                10th District Court of Galveston County

On May 23, 2022, Appellant Christopher Pelletier advised this Court that he wants to proceed pro se in his appeal and has yet to receive a copy of the appellate record. We construe Appellant's correspondence as a motion to proceed pro se and for access to the court record.

The appeal is **ABATED** and **REMANDED** to the trial court for the court to conduct a hearing within 20 days from the date of this order on Appellant's motion to proceed pro se. Appellant, his appointed counsel, and a representative of the Galveston County District Attorney's office shall be present.[1] The court coordinator for the trial court shall set a date for the hearing and notify the parties, including Appellant.

During the hearing, the trial court shall determine (1) whether Appellant wants his appointed counsel to continue to represent him on appeal; or (2) if not, whether Appellant wishes to proceed pro se. If Appellant wishes to proceed pro se on appeal, the trial court shall question him and allow him to represent himself upon a finding that he (1) unequivocally and clearly asserts his right to represent himself, (2) understands the dangers of proceeding pro se in the appeal, (3) understands such representation may not be wise, and may ultimately be to his own detriment, (4) understands he must comply with all procedural and briefing rules, (5) understands he will not be accorded special treatment due to a lack of formal legal education, (6) he understands he is entitled to effective assistance of appellate counsel and foregoes that right, and (7) he is making a knowing, intelligent, and voluntary choice in deciding to represent himself. *See Rolen v. State*, No. 07-97-0081-CR, 1997 WL 367946, at *2 (Tex. App.—Amarillo July 1,

---

[1]     If he is now incarcerated, Appellant may appear by closed-circuit video teleconference. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, Appellant, and any attorneys representing the State or Appellant. On his request, Appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

1997, no pet.) (not designated for publication). If the trial court determines that Appellant understands the dangers of proceeding pro se and is competent to make that choice, the trial court shall discharge Appellant's appointed counsel and advise Appellant that his supplemental brief[2] is due within 30 days from the date of the hearing or the date the Appellant receives the appellate record, whichever is later.

After the hearing, the trial court shall make findings of fact and conclusions of law as appropriate, along with any required order(s). The findings of fact, conclusions of law, and order(s) shall be included in a supplemental clerk's record to be filed in this Court within 10 days of the hearing. In addition, a reporter's record containing a transcript of the hearing shall be prepared and filed in this Court within 10 days of the date of the hearing.

We further **GRANT** Appellant's motion for access to the court record and **ORDER** the trial court clerk, no later than 10 days from the date of this order, to provide a copy of the record, including the clerk's record, the reporter's record, and any supplemental records, to Appellant. The trial court clerk shall further certify to this Court, within 15 days of the date of this order, the date on which it delivered the record to the Appellant.

This appeal is **ABATED**, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket 45 days from the date of this order or upon further order of the Court.

It is so ORDERED.


Judge's signature: /s/ Veronica Rivas-Molloy
                    Acting individually


Date: June 2, 2022

---

[2]     Appellant filed a brief on March 21, 2022.